In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 21-1059

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

YA YANG,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:19-cr-136-jdp-5 — **James D. Peterson**, *Chief Judge.*

_____

ARGUED NOVEMBER 8, 2021 — DECIDED NOVEMBER 19, 2021

_____

Before SCUDDER, KIRSCH, and JACKSON-AKIWUMI, *Circuit Judges.*

KIRSCH, *Circuit Judge.* Ya Yang appeals his below-guidelines sentence, arguing that the district court erred because it considered an audio file at sentencing that was not publicly available on the court's electronic docket. Finding no merit in that argument, we affirm.

## I

Based on his involvement with a drug-trafficking ring, Ya Yang agreed to plead guilty to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Before his plea-and-sentencing hearing, Yang objected to the inclusion of one ounce of methamphetamine in the drug-quantity calculation listed in the Presentence Investigation Report (PSR). In response to the objection, the government pointed Yang and the district court to an audio file of a recorded phone call between Yang and a co-conspirator that supported the PSR's inclusion of the one ounce of methamphetamine in the drug-quantity calculation. Both Yang and his counsel acknowledged that they had listened to the recording before sentencing.

At sentencing, the district court agreed that the audio file supported the PSR's drug-quantity calculation and overruled Yang's objection. The district court then sentenced Yang to 30 months' imprisonment, which was 21 months below the bottom of the applicable guidelines range. Yang has appealed that sentence.

## II

Although the parties dispute the proper standard of review, this appeal fails under any standard. Yang argues only that the district court committed reversible error because it considered an audio file at sentencing that was not publicly available on the court's electronic docket. But he has not explained how that amounts to error. District courts routinely review evidence at sentencing that is not publicly available on the court's docket.

Moreover, to the extent Yang argues that the appellate record is insufficient without electronic access to the recording on the district court's docket, the federal judiciary's case management and electronic case filing system (CM/ECF) does not support the submission of audio files.[1] Instead, like other exhibits not available electronically on CM/ECF, audio files are maintained by the district court, which transmits those files to the court of appeals if requested. See Circuit Rule 10(a)(2) ("The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket. If the court of appeals requests any such document, the district court must transmit it to the court of appeals."); FED. R. APP. P. 11(b)(2). That is what happened here. The government sent the district court an audio file, which Yang and his counsel reviewed before sentencing, and that submission was recorded on the docket. See R. 270-2; R. 271. After Yang appealed his sentence to this court, the circuit clerk requested and received the audio file from the district court. All judges on this panel thus had an opportunity to review the recording.

Because Yang has not shown that the recording needed to be made publicly available on the court's docket or that the district court failed to maintain the audio file for appellate review, there was no error.

AFFIRMED

---

[1] See, e.g., *Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit* 147 (2020 ed.) ("If a video (or audio) recording is submitted as evidence in the district court, it is generally submitted on a DVD, CD-ROM, or flash drive and therefore is not available to view on the district court's docket.").